IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS E. LOPEZ,

    Plaintiff,

v.                                                  No. 10-CV-608 RLP/RHS

UNITED STATES GOVERNMENT;
SUPREME COURT;
UNITED STATES CONGRESS;
FEDERAL, STATE AND LOCAL DRUG LAWS,

    Defendants.

## ORDER

**THIS MATTER** is before the Court, *sua sponte*, to review Plaintiff's pro se Complaint (Doc. 1). For the reasons set forth below, the Court will dismiss the Complaint.

Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss a complaint "at any time" it determines that it lacks subject-matter jurisdiction.

> The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992), which itself "defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded," *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). It has been established by a long line of cases that a party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) "injury in fact," by which we mean an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," *Lujan, supra*, 504 U.S., at 560, 112 S.Ct., at 2136 (citations, footnote, and internal quotation marks omitted); (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury "fairly can be traced to the challenged action of the defendant," and has not resulted "from the independent action of some third party not before the court," *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976); and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the "prospect of obtaining relief from the injury as a result of a favorable ruling" is not "too speculative," *Allen v. Wright, supra*, 468 U.S., at 752, 104 S. Ct., at 3325. These elements are the "irreducible minimum," *Valley Forge Christian College v. Americans United for Separation of*

*Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982), required by the Constitution.

*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993). The Court should dismiss without prejudice those suits in which the Plaintiff has failed to establish the Court's subject-matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir.2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

Plaintiff's one-page Complaint consists of three paragraphs numbered with symbols in lieu of numbers. The first paragraph asks that the Court "[a]bolish Rowe v. Wade" and quotes a bible passage. Doc. 1. In the second paragraph, Plaintiff quotes a different bible verse and states, "With this quote I am calling on Congress to pay its debt as the US Constitution requires and go bankrupt." *Id.* The third paragraph requests that the "Federal, State and Local drug laws including DWI's be ruled unconstitutional" pursuant to the Thirteenth and Fourteenth Amendments to the United States Constitution. *Id.* The third paragraph also asks that the Court "[r]everse the Webb decision (early 1920's) that addiction is a crime." *Id.* The Complaint does not make any specific allegations against any Defendant. And the Complaint contains no factual allegations to demonstrate Plaintiff's standing to bring suit on the issues he presents. Plaintiff's Complaint will be dismissed for lack of subject-matter jurisdiction.

As further instruction to the Plaintiff, the Court notes that, even if he added sufficient facts to demonstrate injury-in-fact and standing, he has not named a proper Defendant in his suit. The styled Defendants are the "United States Government, Supreme Court, United States Congress, and the Federal, State and Local drug laws." The federal government and its agencies may be sued only if it has waived its sovereign immunity. *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir.

2003).  The waiver must be unequivocally expressed, and consent is strictly construed in favor of the federal government.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  Plaintiff has cited no constitutional or statutory provisions that waive the federal government's immunity or provide the Court with jurisdiction over his claims.  In addition, a law is not a proper defendant in a suit.

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
Chief United States Magistrate Judge
Presiding by Consent